**SCANNED**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BIEBEL, | ) | ERIE DIVISION |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 05-10 |
| | ) | |
| vs. | ) | |
| | ) | |
| KOHL'S DEPARTMENT STORE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MOTION FOR SUMMARY JUDGMENT

AND NOW, comes the Defendant, Kohl's Department Stores, Inc., incorrectly identified as Kohl's Department Store, by and through its attorneys, Tighe, Evan, Schenck and Paras, and files the following Motion for Summary Judgment Pursuant to Fed. R .Civ. P. 56:

1.      Plaintiff, David Biebel, alleges in this case that he fell on a shoe size measuring device while shopping at the defendant's store located at Keystone Drive in Erie, Pennsylvania, on June 29, 2004, sustaining personal injuries.

2.      In his Complaint, the plaintiff alleges that this defendant was negligent in allowing the shoe measuring device to remain in the aisle way.

3.      Pursuant to Federal Rule of Civil Procedure 56(c), Summary Judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."

4.    This case was removed to the United States District Court for the Western District of Pennsylvania on petition of this defendant based upon diversity of citizenship. As jurisdiction is based upon diversity of citizenship, Pennsylvania law is applicable to this case. See Erie Railroad v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938).

5.    Under Pennsylvania law, a possessor of land is not an insurer of the safety of those on his premises. The mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of proprietor's duty of care to his invitees, nor raises a presumption of negligence. In order to impose liability on a possessor of land, the invitee must present other evidence which tends to prove that the possessor deviated from his duty of reasonable care under the existing circumstances. The invitee must present evidence which tends to prove either that the proprietor knew or in the exercise of reasonable care, ought to have known, of the existence of the harm-causing condition. Moultrey v. The Great A & P Tea Company, 281 Pa. Super. 525, 422 A.2d 593, 596 (1980).

6.    The record in the present case is devoid of any evidence which would tend to prove that Kohl's knew of the existence of the shoe sizer on the floor or that the shoe sizer existed for such a length of time that Kohl's, in the exercise of reasonable care, should have known of it. The record consists of the following:

a.    Plaintiff, David Biebel, testified at his deposition that he was at Kohl's shopping for clothes and shoes. He turned right into an aisle way and was looking to his left over top of the fixtures for men's shoes. After turning into the aisle, he walked approximately 10 feet and stepped onto a shoe measuring device and fell. There were no employees in the area. He did not know how long the shoe sizer had

2

been on the floor before he fell.  The plaintiff was walking down the center of the aisle way.  He stepped on the shoe measuring device.  He looked down and saw the measuring device as he was falling.  The shoe measurer was in the middle of the aisle way and was out in the open.  See deposition of David Biebel at pp. 15, 16, 17, 18, 19, 20, 22, 23, 24 and 25, attached at Exhibit "A."

**b.**    Anna Turco is a Kohl's employee who testified by deposition that she heard another employee call "Code Blue" to  the shoe department over the intercom.  Ms. Turco recalled looking at her watch and it was 1:20 or 1:30 p.m.  She testified that it took only seconds to arrive at Mr. Biebel's side as she had just been around the corner.  She found Mr. Biebel lying on the floor in the shoe department.  She testified that a few minutes earlier, at about 1:20 or 1:25 p.m., she saw a family, specifically a man, a woman and  two or three children, using a shoe sizer in the same area where the plaintiff was found lying on the floor.  The shoe department at Kohl's is self-service meaning the customers measure their own feet and find the shoes themselves. (See deposition of Ann Turco at pp. 5-9 and 12 attached hereto as Exhibit "C.")   On the date of the accident, she provided a handwritten statement dated June 29, 2004, stating "While stocking shoes, I noticed a family using a shoe sizer around 1:25.  A few minutes later a gentlemen feel in that area."  (See handwritten statement produced to plaintiff through discovery attached hereto as Exhibit "D," and deposition at p. 12.)

3

**c.**    Judith Himes is an employee of Kohl's and was restocking shoes in another aisle way when she heard the plaintiff holler for help.  Ms. Himes went to Mr. Biebel. She identified Biebel deposition Exhibits 1, 2 and 3 as photographs of the aisle where she found the plaintiff lying. (See deposition of Judy Himes at pp. 2, 13, 14, 15 and 16 attached hereto at Exhibit "E" and photographs of aisle way attached hereto at Exhibit "B.")

**d.**    The incident report reflects that the accident happened at 1:30 p.m.  (See Exhibit "F,"  attached to Motion for Summary Judgment).

**e.**    Plaintiff's answers to Interrogatory 8, 22, and 24 attached at Exhibit G, to Motion for Summary Judgment referring to the anticipated testimony of Kohl's employees as to whether Kohl's had actual or constructive notice of the shoe sizer.

7.    There is no evidence that Kohl's had actual or constructive knowledge of the existence of the shoe sizer on the floor.  There is no genuine issue of material fact regarding the existence of actual or constructive notice of the shoe sizer.  Without such evidence, the defendant is entitled to judgment as a matter of law.

8.    Under Pennsylvania law, the landowner is not liable for open and obvious conditions on its premises.  In this case, the existence of the shoe sizer in the middle of the aisle way where the plaintiff was walking was open and obvious and should have been avoided by the plaintiff upon the exercise of due care.

WHEREFORE, Defendant Kohl's Department Stores, Inc. respectfully requests this court grant the within motion and enter judgment in its favor and against plaintiffs.

Respectfully submitted,

TIGHE, EVAN, SCHENCK & PARAS

By _____
Cynthia L. O'Donnell, Esquire
Pa. I.D. No. 59541
Attorney for Defendant Kohl's Department
Stores, Inc., incorrectly identified as Kohl's
Department Store

Four Gateway Center
444 Liberty Avenue, Suite 1300
Pittsburgh, PA 15222-1223

(412) 391-8100

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION FOR SUMMARY JUDGMENT** has been served upon all parties listed below via First Class, U.S. Mail, postage pre-paid, on this ___18___ day of   August, 2005:


Kevin W. Barron, Esquire
821 State Street
Erie, PA 16501
(Attorney for Plaintiff)


TIGHE, EVAN, SCHENCK & PARAS

By:_____
Cynthia L. O'Donnell, Esquire
Pa. I.D. No. 59541
Attorney for Defendant Kohl's Department Stores, Inc., incorrectly identified as Kohl's Department Store

Four Gateway Center
444 Liberty Avenue, Suite 1300
Pittsburgh, PA 15222-1223

(412) 391-8100

7