IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BIEBEL, | ) | ERIE DIVISION |
| Plaintiff, | ) | CIVIL ACTION NO. 05-10 |
| vs. | ) | |
| KOHL'S DEPARTMENT STORE, | ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

AND NOW, comes the Defendant, Kohl's Department Stores, Inc., by and through its attorneys, Tighe, Evan, Schenck and Paras, and files the following Brief In Support of Motion for Summary Judgment:

## FACTUAL BACKGROUND

Plaintiff, David Biebel, alleges in this case that he fell on a shoe size measuring device while shopping at the defendant's store in Erie, Pennsylvania, on June 29, 2004, sustaining personal injuries. Plaintiff's Complaint alleges that the defendant was negligent in allowing the measuring device to remain in the aisle way. Upon petition of this defendant, the case was removed to the United States District Court for the Western District of Pennsylvania based upon diversity of citizenship of the parties.

1

The plaintiff testified by deposition on June 16, 2005 that he went to Kohl's to buy clothing. He was in the store 20 minutes before he fell. He was carrying a cane in his right hand (due to problems with his left knee from a workers' compensation injury sustained years beforehand) and was carrying clothing in his left hand. He left the men's department and was headed for the shoe department. He turned right down an aisle way and was looking toward his left for the shoes. After he turned right, he walked approximately 10 feet and stepped onto the shoe measurer device. (See deposition at 15, 16 attached to motion at Exhibit "A.") Plaintiff believes shoes were in the next adjacent aisle from where he was walking. See deposition at p. 18. He stepped onto the measurer and started to fall. He looked down and saw the measurer as he was falling. Id. at 19. The shoe measurer was in the middle of the aisle way, out in the open. Id. at 20. He did not know how long the shoe sizer had been on the floor before his accident. Id. at 25. He saw no employees or customers in area before he fell. Id. at 18.

Anna Turco, an employee of Kohl's Department Store, testified by deposition on June 16, 2005 that she was working on the date of the plaintiff's accident. She heard a "Code Blue" announcement for the shoe department at approximately 1:20 or 1:30 p.m. She looked at her watch when she heard the "Code Blue," which was called out by Judy Himes. "Code Blue" means that there is an emergency in the area. Ms. Turco went to the shoe department which took only a few seconds because she was just around the corner. She found Mr. Biebel laying on the floor in the shoe department but did not see the shoe sizer on the floor. Judy Himes, another employee, was with him when she arrived. (See deposition of Anna Turco at 5-7 attached to Motion at Exhibit "C.") Mr. Biebel was laying

2

on the floor in the same area where Ms. Turco had seen a family using a shoe sizer minutes beforehand. (See deposition of Turco at p. 9 attached to motion at Exhibit "C.") On the date of the accident, Anna Turco prepared a handwritten statement that reads as follows: "On June 29, 2004, while stocking shoes, I noticed a family using a shoe sizer around 1:25 p.m. A few minutes later a gentleman fell in that area." (See deposition of Anna Turco at pp. 9, 10 attached to Motion for Summary Judgment at Exhibit "C" and handwritten statement produced to plaintiff through discovery attached to Motion for Summary Judgment at Exhibit "D.") When Ms. Turco saw the family using a shoe sizer at 1:25 p.m. there were no other employees from Kohl's assisting them as the shoe department is self-service, meaning that the customer measures their own feet and looks for the shoes themselves. (See deposition of Turco at p. 12.)

Judith Himes testified by deposition on June 13, 2005 that she is employed at Kohl's and was working on the date of the plaintiff's accident. She was restocking shoes in another aisle way when she heard the plaintiff holler for help. Ms. Himes went to Mr. Biebel and found him lying on the floor. She identified Biebel deposition Exhibits 1, 2 and 3 as the aisle where she found the plaintiff lying. (See deposition of Judy Himes at pp. 2, 13, 14, 15 and 16 attached to Motion for Summary Judgment at Exhibit "E" and photographs of aisle way marked as Biebel deposition Exhibits 1, 2 and 3 attached to Motion for Summary Judgment at Exhibit "B.") The aisle way where Ms. Himes found Mr. Biebel, which Ms. Himes identified as Biebel deposition Exhibits 1, 2 and 3, is an aisle way in the shoe department. See deposition at p. 13.

3

For the reasons stated below, there is no genuine issue as to any material fact concerning actual or constructive notice of the existence of the shoe sizer on the floor, therefore, judgment should be entered in favor of defendant Kohl's Department Stores, Inc., and against plaintiff.

**THERE IS NO EVIDENCE OF RECORD
THAT KOHL'S KNEW OR SHOULD HAVE KNOWN
OF THE EXISTENCE OF THE SHOE SIZER ON THE FLOOR**

Under Pennsylvania law[1], a possessor of land is not an insurer of the safety of those on his premises. The mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of proprietor's duty of care to his invitees, nor raises a presumption of negligence. In order to impose liability on a possessor of land, the invitee must present other evidence which tends to prove that the possessor deviated from his duty of reasonable care under the existing circumstances. The invitee must present evidence which tends to prove either that the proprietor knew or in the exercise of reasonable care, ought to have known, of the existence of the harm-causing condition. Moultrey v. The Great A & P Tea Company, 281 Pa. Super. 525, 422 A.2d 593, 596 (1980).

In Moultrey v. The Great A & P Tea Company, 281 Pa. Super. 525, 422 A.2d 593, 596 (1980), a store customer brought an action against the store for injuries that she sustained when she slipped on a cherry on the floor. The Superior Court held that absent

---

[1] As jurisdiction is based upon diversity of citizenship, Pennsylvania law is applicable to this case. See Erie Railroad v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938).

proof that the store created the condition or had actual or constructive notice of the condition, no recovery was permitted under Pennsylvania law. The Court recognized that the existence and extent of the duty which a possessor of property owes to invitees is set forth at the Restatement (Second) of Torts, Section 343 which provides:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a)  knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b)  should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c)  fails to exercise reasonable care to protect them against the danger."

With respect to subpart (a) of Section 343 concerning the possessor's knowledge of the condition, the Superior Court in Moultrey held,

> "Where, however, the evidence indicates that the transitory condition is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it." Moultrey, 422 A.2d at 596, citing, Katz v. John Wanamaker, Inc., 381 Pa. at 482, 112 A.2d at 67-68; Parker v. McCrory Stores, 376 Pa. 122, 101 A.2d 377 (1954); Sheridan v. Horn & Hardart, 366 Pa. 485, 77 A.2d 362 (1951); Borsa v. Great Atl. & Pac. Tea Co., 207 Pa.Super. at 68, 215 A.2d at 292; Potter v. Glosser Bros. Dept. Stores, 146 Pa.Super. 129, 130-31, 22 A.2d 28, 29 (1941).

The plaintiff in Moultrey, supra, testified that she did not know how long the cherry had been on the floor or how it got there. According to the above principles, the Pennsylvania Superior Court held that since that there was no proof that the store

proprietor had actual or constructive notice of the fruit on the floor, there was no issue of fact and non suit had been properly granted by the trial court. Id. at p. 598.

More recently, in Porro v. Century III Associates, 846 A.2d 1282 (Pa. Super. 2004), a patron of a shopping mall fell on a stair case and brought an action against the mall owner for personal injuries. At his deposition, the plaintiff testified that he slipped on a liquid soap type of cleaner that was on the stairway in the mall. He had no idea how long the substance had been on the stairs before his fall. The trial court granted summary judgment in favor of the mall owner, as there was no record evidence that the mall had actual notice or should have known of the substance on the stairway. On appeal, the Superior Court affirmed, reciting the Restatement (Second) of Torts, Section 343 and the above quoted language in the Moultrey case, as cited in Myers v. Penn Traffic Co., 414 Pa. Super. 181, 186, 606 A.2d 926, 929 (1992), stating:

> "Plaintiff has not established facts to impose liability upon defendants. He admitted in his deposition that he does not know how long the substance he slipped on was present on the stairs. Moreover, the nature of the substance does not establish that any of the defendants' employees spilled the substance or that they should have been aware of its presence."

Id. at p. 1286.

In Newell v. Giant Food Stores, 49 Pa. D. & C. 4th 429 (Lehigh Co. 2000), the Court held that a grape left on the floor for only a few minutes is insufficient to impute constructive notice on the store owner. In Newell, a patron slipped and fell on a grape at a supermarket. She testified that the grape had been squashed and left on the floor. The plaintiff testified that she saw no one else in the aisle way where she fell and that she had spent several minutes in this aisle way before she slipped on the grape and fell. Id. at 433.

In granting summary judgment based upon a lack or actual or constructive notice, the Court, applying Section 343 of the Restatement of Torts, ruled:

> "As a matter of law, this, by itself, does not constitute a basis upon which the defendant should have known of the grape on the floor. We do not see how the few minutes spent in the bread aisle before the fall was even arguably sufficient time to place the defendant on notice that a grape was on the floor."

Id. at 434.

The United States Court of Appeals for the Third Circuit has followed the above principles in applying Pennsylvania law to slip and fall cases. In Saldana v. K-Mart Corporation, 260 F.3d 228 (3d Cir. 2001), the Third Circuit affirmed summary judgment in favor of K-Mart in an action brought by a patron who slipped on a puddle of liquid car wax on the floor, because she could not prove that the wax was on the floor long enough to give the store constructive notice. The plaintiff in that case went to great extremes to establish that the wax was on the floor an inordinate amount time. Plaintiff's expert conducted "pour tests" using the wax bottle to establish the time that it took for the wax bottle to empty and create the size of puddle that the plaintiff said was on the floor. The plaintiff also testified the puddle had a layer of dust on it but presented no evidence as to how long the dust would take to accumulate. The Court rejected these attempts to establish constructive notice, finding that they were not reliable. Id. at 233-234. In finding that there was insufficient evidence that the wax was on the floor long enough that K-Mart should have known of it, the Court held:

> "There was a complete absence of relevant evidence from either side, on the critical question of how long the wax was on the floor, and the mere possibility that something occurred in a particular way is not enough, as a matter of law, for a jury to find that it probably happened that way."

Id. at 234, citing, Lanni v. Pennsylvania RR, 371 Pa. 106, 111-12 88 A.2d 87 (1952) (finding of constrictive notice impossible when no evidence existed to show how long oily spot was on the floor).

The Court in Saldana supra, in holding that the store could not found liable absent actual or constructive notice, recited the Restatement illustration where A, a customer in B's store slipped on a banana peel near the door, and falls and is injured. The banana peel is fresh and there is no evidence as to how long it has been on the floor. Since it is at least equally probable that it was dropped by a third person so short of time before that B had no reasonable to opportunity to discovery and remove it, it cannot be inferred that its presence was due to the negligence of B. Id. at 235.

The present case is practically indistinguishable from the above cases involving substances on a supermarket floor, the puddle of wax on K-Mart's floor and the banana peel illustration. In all of the scenarios, there was simply no evidence to establish that the substance or object, here the shoe sizer, was on the floor an inordinate amount of time such that the store should have known of its existence.

In the present case, the plaintiff testified that he did not know how long the shoe sizer had been on the floor. Anna Turco testified that she saw a family using a shoe sizer in the same aisle way a few minutes before she heard the "Code Blue" to the shoe department. She testified that she saw the family using a show sizer at about 1:25 p.m. and that a few minutes later she heard "Code Blue" to the shoe department. She found the plaintiff laying in the shoe department aisle way in the same area where the family had been. See Anna Turco deposition attached to the motion at Exhibit "C." Ms. Turco

8

believed that the accident occurred at approximately 1:30 p.m., which is corroborated by the store's incident report, attached to the motion at Exhibit "F."

If the family had been using the same shoe sizer that the plaintiff stepped on moments later, the shoe sizer was not on the floor an unreasonable amount of time such that the store should have known of its existence.  See, <u>Moultrey v. The Great A & P Tea Company</u>, <u>supra</u>. and <u>Newell v. Giant Food Stores</u>, <u>supra</u>.  (A few minutes is insufficient as a matter of law to place the defendant on notice of a substance on the floor).   To find otherwise would require Anna Turco to have stopped what she was doing, stand there and watch the family use the shoe sizer and make sure the aisle was clear when they were finished.  The law doesn't require stores to station employees in their aisles this way, which is why Section 343 of the Restatement requires that the landowner have notice of the condition and an opportunity to rectify it, before liability will be imposed.

Further, the plaintiff disputes that he fell in the same aisle shown in Biebel Exhibits 1, 2 and 3 (attached to motion at Exhibit B),  which are photographs of the shoe department aisle way where the employees claim he was found lying and where Anna Turco has testified she saw the family using a shoe sizer.  Instead, plaintiff has testified that he fell in an aisle way next to the shoe department. A men's clothing rack was on his right side and the back of a shoe shelving fixture was to his left.  <u>See</u> deposition of David Biebel at pp. 20-22 attached to at Exhibit "A."  If it  cannot be inferred that the family was using the same shoe sizer that the plaintiff stepped on moments later, then there is absolutely no evidence as to the length of time the shoe sizer that the plaintiff stepped on was on the floor.  Under these circumstances as well, there is no evidence that Kohl's had

9

actual or constructive notice of the existence of the shoe sizer and thus there is no genuine issue of material fact.

Pursuant to Federal Rule of Civil Procedure 56(c) Summary Judgment is proper if there is no genuine issue to any material fact and the moving party is entitled to judgment as a matter of law. In the present case, Kohl's is entitled to judgment as a matter of law because there is no genuine issue of material fact as to whether it knew or should have known of the existence of the shoe sizer on the floor. Discovery has revealed no evidence that Kohl's either knew or should have known of the shoe sizer on the floor and therefore it is entitled to judgment as a matter of law.

### THE SHOE SIZER WAS AN OPEN AND OBVIOUS CONDITION AND THEREFORE KOHL'S OWED NO DUTY TO PLAINTIFF

The plaintiff testified that he was walking down the center of the aisle way when he stepped on a shoe measuring device. He looked down and saw the measuring device as he was falling. The shoe measurer was in the middle of the aisle way and was out in the open. (See deposition of David Biebel at pp. 18-20, attached to Motion for Summary Judgment at Exhibit "A.")

Section 343(b) of the Restatement (Second) or Torts states that a possessor of land is only liable for harm caused to invitees by conditions on the land that the possessor should expect that the invitee will not discover or realize or will fail to protect themselves against it. In this case, Kohl's cannot be found liable for the plaintiff stepping on the shoe sizer which was in the middle of the aisle way and admittedly "out in the open." See

deposition of Biebel at pp. 18-20. A landowner has no duty to warn or guard business visitors against danger that is known or obvious. Crotty v. Redding Industries, Inc., 237 Pa. Super. 1, 345 A.2d 259 (1975). citing, Podvin v. Somerton Spring Swim Club, 406 Pa. 384, 178 A.2d 615 (1962). A landowner is not an insurer and a plaintiff cannot walk blindly or carelessly into a clearly visible object and recover for injuries resulting from her negligence. See Pewatts v. J.C. Penney Co., 356 F..2d 586 (3d Cir. 1966). (store was not liable for injuries sustained by customer when she tripped over a low platform of a dress display where the platform was in clear view and the plaintiff was looking where she was walking. See also Gjelaj v. Wal-Mart Stores, Inc., 27 F.Supp. 2d 1011 (E. D. Mich. S. Div., 1998) (cracks that allegedly caused customer to fall in parking lot were open and obvious relieving store owner of any duty to warn of cracks or making them safe.)

      In the present case, the shoe sizer was in the middle of the aisle way and was open and obvious. It would have arguably been readily observable by a reasonable person in plaintiff's position exercising ordinary perception, intelligence and judgment. Engleson v. Little Falls Area Chamber of Commerce, 362 F.3d 525 (8th Cir. 2004).

For the above reasons, there is no genuine issue of material fact as to defendant's liability and therefore judgment should be granted in favor of Kohl's Department Stores, Inc. and against plaintiff.

Respectfully submitted,

TIGHE, EVAN, SCHENCK & PARAS

By _____*Cynthia O'Donnell*_____
Cynthia L. O'Donnell, Esquire
Pa. I.D. No. 59541
Attorney for Defendant Kohl's
Department Stores, Inc., incorrectly
identified as Kohl's Department Store

Four Gateway Center
444 Liberty Avenue, Suite 1300
Pittsburgh, PA 15222-1223

(412) 391-8100

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** has been served upon all parties listed below via First Class, U.S. Mail, postage pre-paid, on this __18__ day of August, 2005:

Kevin W. Barron, Esquire
821 State Street
Erie, PA 16501
(Attorney for Plaintiff)

TIGHE, EVAN, SCHENCK & PARAS

By: _____

Cynthia L. O'Donnell, Esquire
Pa. I.D. No. 59541
Attorney for Defendant Kohl's Department Stores, Inc., incorrectly identified as Kohl's Department Store

Four Gateway Center
444 Liberty Avenue, Suite 1300
Pittsburgh, PA 15222-1223

(412) 391-8100