IN THE UNITED DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BIEBEL, | ) | ERIE DIVISION |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. 05-10 |
| | ) | |
| vs. | ) | |
| | ) | |
| KOHL'S DEPARTMENT STORE, | ) | |
| | ) | |
| DEFENDANT, | ) | |
| | ) | |
| | ) | |

## BRIEF IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

## FACTUAL BACKGROUND

The factual background giving rise to this case is not in dispute. On June 29, 2004 Plaintiff tripped over a shoe sizer at the defendant's department store. At the time Mr. Biebel tripped over the shoe device, he had clothing which he intended to purchase from this department store draped over one arm and was using a cane in the other arm. Anna Turco, an employee of the defendant department store and the person in charge of the shoe department at the time Mr. Biebel fell, testified at deposition that she personally saw a family using the shoe sizer in the area where Mr. Biebel fell approximately ten minutes before he did, in fact, trip over the same shoe sizer. This sole issue presented to this court is whether the defendant had actual or constructive notice of this dangerous condition.

who worked in the shoe department testified that their job duties entailed policing the area, restocking shoes that customers had tried on and ensuring that the shoe sizer was placed under one of the benches. All of the employees of the defendant who were deposed at deposition and who worked in the shoe department testified that one of the job duties of an employee in the shoe department was to police the area and make sure that the shoes were put back on the shelf and that the shoe sizer was placed under the bench. The question then is one of fact: whether defendant had actual or constructive knowledge that the shoe sizer could have been left out in the aisle, causing a dangerous condition to an individual such as a plaintiff herein. "The question whether a land owner had constructive notice of a dangerous condition and thus should have known of the defect, i.e., the defect was apparent upon reasonable inspection, is a question of fact. As such, it is a question for the jury, and maybe decided by the court only when reasonable minds could not differ as to the conclusion. Carrender v. Fitterer, 503 Pa. 178, 185, 469 A2d. 120, 124 (1983). If there is any dispute created by the evidence, the court is not permitted to decide the issue. " Commonwealth v. Patton, 546 Pa. 562, 569, 686 A2d. 1302, 1306.

The question of whether the defendant had constructive notice of the dangerous condition and thus should have known of the defect or whether the defect was apparent upon reasonable inspection is clearly a question of fact in this matter. The defendant's employees testified that this was a busy day in the shoe department, that there were a number of people in the store because of senior citizen discount day. They also were charged by their employer of policing the area on regular basis to make sure that the shoe sizer and shoes were not left in the aisles, creating a

dangerous condition.  We know, in fact, that Anna Turco, one of the defendant's employees actually saw a family using the same shoe sizer that plaintiff tripped over at least ten minutes before he did, in fact, trip over it.  Whether ten minutes gave the employees enough time to inspect the area where the shoe sizer was being used is certainly a question of fact for a jury to decide.  Is it unreasonable to require an employee of the defendant's department store in a self-help shoe department to police the area on a regular basis in light of the fact that senior day is one of the busiest days of the month that the store experiences?  Is it unreasonable to assume that a family using a shoe sizer would not put the shoe sizer back in its proper place?  This is a question of fact for a jury given defendant's knowledge that, repeatedly, in the past the shoe sizer was left out by invitees who had used it. Accordingly, under Section 344 of the Restatement "the physical harm caused by the accidental negligence or intentionally harmful acts of third persons and by the failure of the defendant to discover that such acts are being done or are likely to be done" is clearly a question of fact for a jury to decide and the motion for summary judgment should be denied.

Respectfully submitted,

Kevin W. Barron, Esquire
Attorney for Plaintiff
821 State Street
Erie, Pennsylvania 16501
(814) 452-4473
PA I.D. #40048

IN THE UNITED DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BIEBEL, | ) | ERIE DIVISION |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO._____ |
| | ) | |
| vs. | ) | |
| | ) | |
| KOHL'S DEPARTMENT STORE, | ) | |
| | ) | |
| DEFENDANT, | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of August, 2005, a copy of Plaintiffs' Brief in Response to Defendant's Motion for Summary Judgment was served upon the following parties in accordance with the applicable rules of court:

The Honorable Sean J. McLaughlin
U.S. Court House
17 South Park Row, Room A250
Erie, PA  16501

Cynthia L. O'Donnell, Esquire
Tighe, Evan, Ehrman, Schenck & Paras
Four Gateway Center
444 Liberty Avenue, Suite 1300
Pittsburgh, PA 15222-1223
Attorney For Defendant
Kohl's Department Stores, Inc.

_____
Kevin W. Barron, Esquire