IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

DAVID BIEBEL,                          )        ERIE DIVISION
                        Plaintiff      )        CIVIL ACTION NO. 05-10
                                       )
            vs.                        )
                                       )
KOHL'S DEPARTMENT STORE,               )
                        Defendant      )

## RESPONSE TO MOTION FOR SUMMARY JUDGMENT

AND NOW, comes the Plaintiff, David Biebel, by and through his attorney, Kevin W.

Barron, Esq., files the following Response to Motion for Summary Judgment Pursuant to Fed. R.

Civ. P. 56, and states as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Specifically denied.  Under Pennsylvania law, a possessor of land who holds it open for

    entry for its business purposes is subject to liability to members of the public while they

    are upon the land for such a purpose, for physical harm caused by the accidental,

    negligent, or intentionally harmful acts of third persons or animals, and by the failure of

    the possessor to exercise reasonable care to:  (a) discover that such acts are being done or

    likely to be done; or (b) give a warning adequate to enable the visitor to avoid the harm or

    otherwise protect them against it.  Restatement (2d) of Torts, Section 344.

6. Specifically denied.  By way of further answer, Anna Turco, one of defendant's

    employees, testified that she saw a family using the shoe measuring device that Mr.

Biebel fell over at least ten (10) minutes prior to his actual fall. She further testified that

the shoe department at Kohl's Department Store is a self-service area, which means that

the invitees measure their own feet. (Deposition of Anna Turco, pp. 5-9) Exhibit A.

7. Rebecca Crowell-Luebke, the shoe department supervisor testified that all of the

associates that work in the shoe department have the duty to ensure that the aisles in the

shoe department are kept clear of shoes, shoe sizers and boxes. (Deposition of Crowell-

Luebke, p. 5) Exhibit B.

8. Specifically denied. By way of further answer, it is clear that at least one (1) employee of

Kohl's Department Store, Anna Turco, had actual knowledge that a family was using the

shoe sizer that Mr. Biebel actually fell over. A jury can reasonably find that after the

family used the shoe sizer Kohl's Department Store had a duty to have one of its

employees police the area and make sure that the shoe sizer was not left laying out in the

aisle. A jury could reasonably infer that defendant's failure to police the area after the

family used the shoe sizer was negligence.

9. David Biebel, plaintiff herein, testified that when he tripped over the shoe sizer he was

carrying slacks, a shirt, socks which he intended to purchase, draped over one arm, and

holding a cane in his other arm. A jury could reasonably infer that an invitee, who was in

the store with intent to purchase goods, could expect that the aisle would be kept clear of

dangerous conditions such as that caused by the shoe sizer. Additionally, the jury could

reasonably find from the evidence adduced at deposition that because invitees are in fact

carrying merchandise, their vision of what's on the floor would be obstructed. Mr.

Biebel testified that he turned the aisle and walked approximately ten (10) feet and

tripped over the shoe-measuring device. At the time that he tripped, plaintiff was looking

for the shoe department.  Due to the fact the plaintiff was holding merchandise in his arm which he intended to purchase, which obstructed his view of the aisle in which he was walking, clearly rebuts defendant's argument that the shoe sizer was an open and obvious dangerous condition.  Defendant's argument presupposes that plaintiff saw the shoe sizer. Given the fact he was carrying merchandise which defendant invited him to purchase, plaintiff's view was obstructed.

WHEREFORE, plaintiff David Biebel hereby requests the court to deny defendant's motion for summary judgment.

Respectfully submitted,

Kevin W. Barron, Esquire
Attorney for Plaintiff
821 State Street
Erie, Pennsylvania 16501
(814) 452-4473
PA I.D. #40048

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

DAVID BIEBEL,                          )       ERIE DIVISION
                    Plaintiff          )       CIVIL ACTION NO. 05-10
                                       )
         vs.                           )
                                       )
KOHL'S DEPARTMENT STORE,               )
                    Defendant          )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___30th___ day of August, 2005, a copy of

Plaintiffs' Reply to Defendant's Motion for Summary Judgment was served upon the following

parties in accordance with the applicable rules of court:


The Honorable Sean J. McLaughlin
U.S. Court House
17 South Park Row, Room A250
Erie, PA 16501


Cynthia L. O'Donnell, Esquire
Tighe, Evan, Ehrman, Schenck & Paras
Four Gateway Center
444 Liberty Avenue, Suite 1300
Pittsburgh, PA 15222-1223
Attorney for Defendant,
Kohl's Department Stores, Inc.

_____
Kevin W. Barron, Esquire