IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BIEBEL, | ) | ERIE DIVISION |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 05-10 |
| | ) | |
| vs. | ) | |
| | ) | |
| KOHL'S DEPARTMENT STORE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PRETRIAL STATEMENT

AND NOW, comes Defendant, Kohl's Department Stores, Inc., incorrectly identified as Kohl's Department Store, by and through its attorneys, Tighe, Evan, Schenck and Paras, and files the following Pretrial Statement Pursuant to Local Rule 16.1.4:

### I. FACTUAL AND LEGAL CONTENTIONS

Plaintiff, David Biebel, alleges that he fell on a shoe size measuring device while shopping at this defendant's store on June 29, 2004, sustaining personal injuries. He alleges that this defendant was negligent in permitting the shoe sizer to remain in the aisleway prior to his fall. The plaintiff testified that he does not know how long the shoe sizer was in the aisleway before he fell and that he stepped on the shoe sizer as he was walking down the aisle way. He looked down and saw the shoe sizer as he was falling and testified that it was in the middle of the aisleway and out in the open. The first Kohl's employee to arrive after the accident was Judith Himes, who will testify that she did not see any shoe sizer on the floor when she first reached plaintiff. However, when she

returned to plaintiff's side after calling for help over the telephone, she saw the shoe sizer in the aisleway next to the plaintiff. Another employee, Anna Turco, will testify that she saw a family using a shoe sizer just minutes before she heard a "Code Blue" to the shoe department over the store's intercom. She responded to the Code Blue by going to the shoe department where she found the plaintiff laying in the same aisleway where the family had been using a shoe sizer minutes earlier.

Based upon the above anticipated testimony, if the plaintiff did in fact fall on the shoe sizer, Kohl's did not have actual or constructive notice of the shoe sizer's existence in the aisle and therefore cannot be liable under Pennsylvania law. Further, the evidence supports that the shoe sizer was an open and obvious condition which would have been readily observable by a reasonable person in plaintiff's position and therefore Kohl's is not liable to the plaintiff. Lastly, the plaintiff's own contributory negligence was the cause of his fall. He testified that he walked over 10 steps down the aisleway without looking down at the floor at all and stepped on the shoe measurer device. He was negligent himself for not observing a clearly visible object on the floor during the time that he walked down the aisle.

With respect to damages, the plaintiff claims that he sustained injuries to his knee neck and back as a result of this accident. The evidence will show that the plaintiff was collecting workers' compensation for a preexisting left knee injury for which he was using a cane at the time of the accident. His lifestyle was essentially sedentary prior to his accident at Kohl's. With respect to his neck and back, the plaintiff admittedly had extensive neck and back problems and pain prior to his fall as Kohl's. According to the opinion of Dr.

Brian Jewell, a board certified orthopedic surgeon, who examined the plaintiff on July 25, 2005, the plaintiff did not sustain any additional neck and back injury as a result of his fall at Kohl's. With respect to his right knee pain, Dr. Jewell believes at the most, he sprained or strained his right knee. The plaintiff, according to Dr. Jewell and plaintiff's treating physician, Dr. Stefanovski, had a degenerative meniscal tear of his right knee. Dr. Jewell believes this degenerative tear was not caused by the fall at Kohls. The right knee surgery was necessitated by natural wear and tear.

Therefore, even if Kohl's if found liable, the plaintiff's fall caused minimal injuries to him and did not result in a significant change in his lifestyle or physical activities, which were already restricted as a result of his preexisting work injury.

## II. WITNESSES

The defendant reserves its right to call any or all of the following witnesses:

|   |   | LIABILITY | DAMAGES |
|---|---|---|---|
| 1. | Anna Turco<br>c/o Kohl's Department Store | X | X |
| 2. | Judith Himes<br>c/o Kohl's Department Store | X | X |
| 3. | Dean Taylor<br>c/o Kohl's Department Store | X | X |
| 4. | Rebecca Head<br>c/o Kohl's Department Store | X | X |
| 5. | Rebecca Luebke<br>c/o Kohl's Department Store | X | X |
| 6. | Brian Jewell, M.D.<br>The Center for Musculoskeletal Evaluations<br>Pittsburgh Office and Research Park<br>5900 Corporate Drive, Suite 200<br>Pittsburgh, PA 15237 |   | X |

| | | |
|---|---|---|
| 7. | Dr. Nickolas Stefanovski<br>Orthopedic & Sports Medicine of Erie<br>300 State Street, Suite 400 A<br>Erie, PA 16507 | X |
| 8. | William Swanson, D.O.<br>306 W. 11th Street<br>Erie, PA 16501 | X |
| 9. | Medical Records Custodian<br>St. Vincent Health Center<br>Medical Records Department<br>232 West 25th Street<br>Erie, PA 16544 | X |
| 10. | Records Custodian or Representative<br>Erie Insurance Exchange<br>3410 West 12th Street<br>Erie, PA 16505 | X |
| 11. | Medical Records Custodian<br>Village Surgicenter<br>5473 Village Common Drive<br>Suite 100<br>Erie, PA 16506 | X |
| 12. | Thomas J. Fessler, M.D.<br>204 West 26th Street<br>Erie, PA 16508 | X |
| 13. | Jithendra Rai, M.D.<br>Erie Spine and Pain Management<br>2805 Chavlis Drive<br>Erie, PA 16508 | X |
| 14. | Medical Records Custodian or Representative<br>Hamot Medical Center<br>201 State Street<br>Erie, PA | X |
| 15. | Medical Records Custodian or Representative<br>Erie Spine & Pain Management<br>2243 Edinboro Road<br>Erie, PA 16509 | X |

16.  Representative, Presque Isle Rehabilitation Service                X
     P.O. Box 706
     Edenburg, PA

17.  Any witness identified in the plaintiff's Pretrial Report.

18.  Any witness identified through discovery.

19.  Defendant reserves the right to supplement the above list of witnesses before trial.

### III. EXPERT WITNESSES

1.  Brian Jewell, M.D.
    The Center for Musculoskeletal Evaluations
    Pittsburgh Office and Research Park
    5900 Corporate Drive, Suite 200
    Pittsburgh, PA 15237 (expert report attached hereto at Exhibit A)

### IV. EXHIBITS

1.  Photographs of Kohl's Department

2.  Incident report

3.  Statement of Anna Turco

4.  Curriculum Vitae of Dr. Brian Jewell

5.  Any records pertaining to plaintiff's treatment or evaluation

6.  Medical bills reflecting third party payment and/or writeoffs

7.  Erie Insurance workers' compensation file

8.  Vocational Assessment report of Presque Isle Rehabilitation Services

9.  Any exhibit listed in plaintiff's Pretrial Statement

10. Defendant reserves its rights to supplement the above exhibits before trial.

                                       Respectfully submitted,

                                       TIGHE, EVAN, SCHENCK & PARAS

                                       By_____*Cynthia O'Donnell*_____
                                            Cynthia L. O'Donnell, Esquire
                                            Pa. I.D. No. 59541
                                            Attorney for Defendant Kohl's Department
                                            Stores, Inc., incorrectly identified as Kohl's
                                            Department Store

                                            Four Gateway Center
                                            444 Liberty Avenue, Suite 1300
                                            Pittsburgh, PA 15222-1223

                                            (412) 391-8100

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PRETRIAL STATEMENT** has been served upon all parties listed below via First Class, U.S. Mail, postage pre-paid, on this __16__ day of September, 2005:

        Kevin W. Barron, Esquire
        821 State Street
        Erie, PA 16501
        (Attorney for Plaintiff)

        TIGHE, EVAN, SCHENCK & PARAS

    By: *Cynthia O'Donnell*
        Cynthia L. O'Donnell, Esquire
        Pa. I.D. No. 59541
        Attorney for Defendant Kohl's Department Stores, Inc., incorrectly identified as Kohl's Department Store

        Four Gateway Center
        444 Liberty Avenue, Suite 1300
        Pittsburgh, PA 15222-1223

        (412) 391-8100

# TIGHE, EVAN, SCHENCK & PARAS

ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION

WILLIAM R. TIGHE
GEORGE M. EVAN
EDWARD A. SCHENCK
HARRY M. PARAS
GRETCHEN J. FITZER
CYNTHIA L. O'DONNELL

FOUR GATEWAY CENTER
444 LIBERTY AVENUE, SUITE 1300
PITTSBURGH, PENNSYLVANIA
15222-1223

(412) 391-8100
FACSIMILE: (412) 391-9972

WRITER'S E-MAIL: clodonnell@teesp.com

September 15, 2005

File No: 10670-37-106

Mr. Robert V. Barth, Jr., Clerk of Courts
United States District Court - Erie Division
17 South Park Row
Erie, PA 16501

Re:   David Biebel v. Kohl's Department Store, Inc.
United States District Court for the Western District of Pennsylvania - Erie Division
Case No. 05-10 Erie

Dear Mr. Barth:

Please find enclosed an original and one copy of Pretrial Statement for filing on behalf of Defendant, Kohl's Department Stores, Inc., in the above case. Please time stamp the enclosed cover sheet and return it to me in the envelope provided.

Thank you.

Very truly yours,

*Cynthia O'Donnell*
Cynthia L. O'Donnell

CLO:pmk
Enclosures

cc:   Kevin Barron, Esquire (w/encls.)