IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BIEBEL, | ) | ERIE DIVISION |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 05-10 |
| | ) | |
| vs. | ) | |
| | ) | |
| KOHL'S DEPARTMENT STORE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

AND NOW, comes the Defendant, Kohl's Department Stores, Inc., by and through its attorneys, Tighe, Evan, Schenck and Paras, and files the following Reply Brief In Support of Motion for Summary Judgment:

Section 344 of the Restatement of Torts (Second) does not apply to this case. Typically, Section 344 is addressed in situations where an injury occurs on property held open to the public as a result of criminal conduct by a third party. See Ovitsky v. Capital City Economic Development Corp., 846 A.2d 124 (Pa. Super. 2004) (action brought by a hotel guest who was assaulted while staying at the defendant's hotel alleging hotel provided negligent security); Rabutino v. Freedom State Realty Company, 809 A.2d 933 (Pa. Super. 2002) (wrongful death and survival action against a hotel owner alleging negligent security and failing to rectify drunken and rowdy behavior of its underage guests); and Moran v. Valley Forge Drive–in Theater, Inc., 431 Pa. 432, 246 A.2d 875 (1968) (action against movie theater for personal injuries sustained when the plaintiff lost his

hearing as a result of firecracker explosion in a theater restroom set off by rowdy teen-agers).

Pennsylvania Courts have been refused to apply Section 344 to cases where retailers are sued by their customers for injuries sustained as a result of a condition on the premises. In <u>Moultrey v. Great A & P Tea Company</u>, 281 Pa. Super. 525, 522 A.2d 593 (1980), a customer of a defendant store brought an action in trespass for injuries that she sustained when she slipped on a cherry on the floor. The Superior Court devoted most of its opinion to discussing the absence of liability under Section 343, which deals with the liability of a possessor of land for harm caused to invitees by a condition on the premises.

After finding that liability had not been established under Section 343, the Superior Court addressed plaintiff's argument that Section 344 was also applicable. The Superior Court doubted that Section 344 was applicable to supermarkets and held that even Section 344 could be applied to the defendants' self-service supermarket, there was no evidence from a jury could infer "that the presence of fruit matter on the floor was due to an act or acts by customers which had occurred in the past and remained uncorrected, or that the harm causing act or acts likely occurred because of the manner in which fruits were packaged, displayed and sold. " <u>Id.</u> at 598. The Court noted that actual or constructive notice was necessary to establish liability under both Sections 343 and 344. "Accordingly, the Restatement 2d Sections 343, 344 and our cases support the proposition that the invitee must prove either that the proprietor had a hand in creating the harmful condition, or that he had actual or constructive notice of such condition." <u>Id.</u> at 598. Due to the absence of such proof, the Court affirmed the order which granted defendant's motion for non-suit.

2

In <u>Valerio v. Keystone Turf Club, Inc.</u>, 41 Pa. D & C C 4th 353 (1999), the plaintiff sought application of Section 344 to her slip and fall case against the defendant when she slipped and fell on a betting ticket that was on the steps of the defendant's club as she exited. The Court applied Section 343 of the Restatement, however, refused to apply Section 344, which as stated above, typically deals with a premises owner's liability for intentional or criminal activity of third parties. The Court essentially held that the applicability of Section 344 of the Restatement is reserved for cases where the place or character of the business at issue intrinsically involves negligent or criminal conduct inside the premises which necessarily become part of the defendant's past experience. Even though customers sometimes drop their betting tickets on the floor, the Court stated that there was still nothing within the premises of the defendant either intrinsic to the business or within the past experience of the business that justified application of Section 344. <u>Citing</u> <u>Moran v. Valley Forge Drive-in Theater, Inc.</u>, <u>Super</u>. and <u>Murphy v. Penn Fruit Company</u>, 274 Pa. Super, 427, 418 A.2d 480 (1980) (involving a case where a defendant had prior notice of a variety of crimes occurring within its store and behind the store in the parking lot.)

Section 344 of the Restatement of (Second) of Torts is typically applied to situations involving intentional or criminal activity of third parties on a business premises. It does not apply to the present case where it is alleged that the plaintiff was injured by stepping on an object that was in the aisle way. Pennsylvania does not apply Section 344 to this type of situation <u>See</u> <u>Moultrey v. Great A & P Tea Company</u>, <u>Super</u>. and <u>Valerio v. Keystone Turf Club, Inc</u>. Even if Section 344 were to apply, there is no evidence which would tend to prove Kohl's liability under Section 344. There is nothing intrinsic to Kohl's business

that invites negligent or criminal activity of third parties, like there is with other types of businesses, such as hotels, bars, bowling alleys and drive-in theaters.    Furthermore, contrary to the assertions in the plaintiff's brief, there is no evidence in this case that Kohl's had "knowledge that, repeatedly, in the past the shoe sizer was left out by invitees who had used it" (See Plaintiff's Brief at p. 5.) and that Kohl's failed to exercise reasonable care to keep the aisles clear, notwithstanding this knowledge.    Plaintiff does not refer the Court any such evidence or testimony, as no witness testified to this.

Whether a possessor of land is liable for injuries sustained by a business invitee due to a condition on the premises hinges on whether the landowner had actual or constructive notice of the condition.    Pennsylvania Courts have consistently considered this issue in the context of an analysis under Section 343 or the Restatement (Second) of Torts.  See Moultrey v. Great A & P Tea Company, Super; Porro v. Century III Associates, 846 A.2d 1282 (2004) and Myers v. Penn Traffic Co., 414 Pa. Super. 181, 606 A.2d 926 (1992). For the reasons set forth in this defendant's original Brief in Support of Summary Judgment, there is no evidence that Kohl's had actual or constructive notice of the existence of the shoe sizer in the aisle way.

Plaintiff's assertion that the shoe sizer was in the aisle way 10 minutes before the plaintiff's fall is not supported by the testimony.  Although Anna Turco, one of the Kohl's employees, saw a family using a shoe sizer 5 to 10 minutes before the plaintiff's fall, this does not mean that the shoe sizer was laying in the aisle way for 5 or 10 minutes.  There is simply no evidence of how long the shoe sizer was in the aisle way before the plaintiff fell.  The family may have continued to use the shoe sizer after Ms. Turco saw them and left the area just seconds before the plaintiff entered the same aisle way.  There is simply

4

no evidence upon which a jury could find the shoe sizer was in the aisle way for an inordinate amount of time, such that Kohl's should have known it. See <u>Saldana v. K-Mart Corporation</u>, 260 F.3d 228 (3d Cir. 2001) (finding of constrictive notice impossible when no evidence existed to show how long oily spot was on the floor. <u>Citing</u>, <u>Lanni v. Pennsylvania RR,</u> 371 Pa. 106, 111-12 88 A.2d 87 (1952)).

Due to the absence of evidence that Kohl's had notice of the shoe size measurer, there is no genuine issue of fact and Kohl's is entitled to summary judgment.

Respectfully submitted,

TIGHE, EVAN, SCHENCK & PARAS

By _____
Cynthia L. O'Donnell, Esquire
Pa. I.D. No. 59541
Attorney for Defendant Kohl's
Department Stores, Inc., incorrectly
identified as Kohl's Department Store

Four Gateway Center
444 Liberty Avenue, Suite 1300
Pittsburgh, PA 15222-1223

(412) 391-8100

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** has been served upon all parties listed below via First Class, U.S. Mail, postage pre-paid, on this 26 day of September, 2005:

Kevin W. Barron, Esquire
821 State Street
Erie, PA 16501
(Attorney for Plaintiff)

TIGHE, EVAN, SCHENCK & PARAS

By: _Cynthia O'Donnell_

      Cynthia L. O'Donnell, Esquire
      Pa. I.D. No. 59541
      Attorney for Defendant Kohl's Department
      Stores, Inc., incorrectly identified as Kohl's
      Department Store

      Four Gateway Center
      444 Liberty Avenue, Suite 1300
      Pittsburgh, PA 15222-1223

      (412) 391-8100

# TIGHE, EVAN, SCHENCK & PARAS

ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION

WILLIAM R. TIGHE
GEORGE M. EVAN
EDWARD A. SCHENCK
HARRY M. PARAS
GRETCHEN J. FITZER
CYNTHIA L. O'DONNELL

FOUR GATEWAY CENTER
444 LIBERTY AVENUE, SUITE 1300
PITTSBURGH, PENNSYLVANIA
15222-1223

(412) 391-8100
FACSIMILE: (412) 391-9972

WRITER'S E-MAIL: clodonnell@teesp.com

September 26, 2005

File No: 10670-37-106

Mr. Robert V. Barth, Jr., Clerk of Courts
United States District Court - Erie Division
17 South Park Row
Erie, PA 16501

      Re:  David Biebel v. Kohl's Department
         Store, Inc.
         United States District Court for the
         Western District of Pennsylvania - Erie
         Division
         Case No. 05-10 Erie

Dear Mr. Barth:

   Please find enclosed Kohl's Reply Brief in Support of Motion for Summary Judgment thereof for filing on behalf of the Defendant, Kohl's Department Stores, Inc., in the above case. I am also enclosing a floppy disc which contains the Reply Brief and Defendant's Pretrial Statement, the latter of which was previously filed. Would you time stamp the extra cover sheet and return it to me in the enclosed envelope?

   Thank you.

            Very truly yours,

            Cynthia L. O'Donnell

CLO:pmk
Enclosures
cc:  Judge Sean J. McLaughlin (w/encls.)
   Kevin Barron, Esquire (w/encls.)