IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BIEBEL, | ERIE DIVISION |
| Plaintiff, | CIVIL ACTION NO. 05-10 |
| vs. | |
| KOHL'S DEPARTMENT STORE, | |
| Defendant. | |

**DEFENDANT'S PROPOSED POINTS FOR CHARGE**

AND NOW, comes Defendant, Kohl's Department Stores, Inc., incorrectly identified as Kohl's Department Store, by and through its attorneys, Tighe, Evan, Schenck and Paras, and files the following Proposed Points for Charge:

1.   **Pa. SSJI 3.00 (Civ)- ISSUES IN THE CASE AND FACTUAL CAUSE**

The plaintiff claims that he was injured and sustained damage as a result of the negligent conduct of the defendant. The plaintiff has the burden of proving his claims.

The defendant denies the plaintiff's claims and asserts as an affirmative defense that the plaintiff was himself negligent and that such negligence was a factual cause in bringing about the plaintiff's injuries. The defendant has the burden or proving this affirmative defense.

Based upon the evidence presented at this trial, the only issues for you to decide in accordance with the law as I will give it to you, are:

First: Was the defendant negligent?

Second:    Was the defendant's conduct a factual cause in bringing about harm to the plaintiff?

Third: Was the plaintiff himself negligent and was such negligence a factual cause in bringing about the plaintiff's injury?

Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome if, in the absence of the act, the outcome would not have occurred.

In order for the conduct of a party to be a factual cause, the conduct must not be fanciful or imaginary, but must have played a real role in causing the injury. Therefore, in determining factual cause, you must decide whether the negligent conduct of the defendant was more than an insignificant factor in bringing about any harm to the plaintiff. Under Pennsylvania law, conduct can be found to be a contributing factor if the action or omission alleged to have caused the harm was an actual, real factor, not a negligible, imaginary, or fanciful factor, or a factor having no connection or only an insignificant connection with the injury. However, factual cause does not mean it is the only, primary, or even the most important factor in causing the injury. A cause may be found to be a factual cause as long as it contributes to the injury in a way that is not minimal or insignificant.

To be a contributing factor, the defendant's conduct need not be the only factor. The fact that some other cause concurs with the negligence of the defendant in producing an injury does not relieve the defendant from liability as long as its own negligence is a factual cause of the injury.

The negligence of a defendant may be found to be a factual cause of a plaintiff's harm even though it was relatively minor as compared to the negligence of the plaintiff. In effect, the test for factual causation has been met when the conduct in question has such an effect in producing the harm as to lead reasonable persons to regard it as one of the contributing causes that is neither insignificant nor inconsequential considering all the circumstances.

  Accepted_____    Denied_____

2. **Pa.SSJI 3.25 (Civ)- Factual Cause**

  Accepted_____    Denied_____

3. **Pa. SSJI 3.01 (Civ)- Negligence - Definition**

  Accepted_____    Denied_____

4. **Pa. SSJI 3.02 (Civ)-Ordinary Care-Definition**

  Accepted_____    Denied_____

5. **Pa. SSJI 3.03 (Civ)-Contributory Negligence**

The defendant claims that the plaintiff was contributorily negligent. Contributory negligence is negligence on the part of a plaintiff that is a factual cause of the plaintiff's injury. The burden is not on the plaintiff to prove his freedom from contributory negligence. The defendant has the burden of proving contributory negligence by a fair preponderance of the credible evidence. You must determine whether the defendant has proven that the plaintiff, under all the circumstances present, failed to use reasonable care for his own protection.

**The defendant claims that the plaintiff was contributorily negligent in failing to observe and avoid the shoe sizer.**

Even if you find that the plaintiff was negligent, you must also determine whether the defendant has proven that the plaintiff's conduct was a legal cause in bringing about the plaintiff's injury. If the defendant has not sustained that burden of proof, then the defense of contributory negligence has not been made. In determining legal cause, you will refer to any previous instruction.

    Accepted_____               Denied_____

6.    Pa. SSJI 5.04 (Civ)   **Conflicting Testimony**

    Accepted_____               Denied_____

7.    Pa. SSJI 5.05 (Civ)   **Wilfully False Testimony**

    Accepted_____               Denied_____

8.    Fed. Jury Prac. & Instr. 105.01   **Discrepancies in Testimony**

    Accepted_____               Denied_____

9.    Fed. Jury Prac. & Instr. 105.02   **Use of Depositions as Evidence**

    Accepted_____               Denied_____

10.    Fed. Jury Prac. & Instr. 105.04 **Impeachment-Inconsistent Statement**

    Accepted_____               Denied_____

11.  Fed. Jury Prac. & Instr. 105.09 **Effect of Prior Inconsistent Statement/Conduct**

    Accepted_____               Denied_____

12.  Fed. Jury Prac. & Instr. 105.11 **All Available Witnesses /Evidence Need Not Be Produced**

    Accepted_____               Denied_____

13.    Pa. SSJI 5.30 (Civ)       **Expert Testimony-Credibility**

    Accepted_____      Denied_____

14. Pa. SSJI  5.31 (Civ)  **Expert Testimony-Basis for Opinion**

    Accepted_____      Denied_____

15. Pa. SSJI  5.32 (Civ)  **Hypothetical Questions**

    Accepted_____      Denied_____

16. **Restatement (Second) of Torts, Section 343**

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

  (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

  (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

  (c) fails to exercise reasonable care to protect them against the danger.

Moultrey v. The Great A&P Tea Company, 281 Pa. Super 525, 422 A.2d 593, 596 (1980); Porro v. Century III Associates, 846 A.2d 1282 (Pa. Super. 2004); Saldana v. K-Mart Corporation, 260 F.3d 228 (3d Cir. 2001).

    Accepted_____      Denied_____


17. A landowner has no duty to warn or guard business visitors against a danger that is known or obvious. Crotty v. Redding Industries, Inc., 237 Pa. Super. 1, 345 A.2d 259

5

(1975). citing, Podvin v. Somerton Spring Swim Club, 406 Pa. 384, 178 A.2d 615 (1962). A danger is known or obvious if it is readily observable by a reasonable person in plaintiff's position exercising ordinary perception, intelligence and judgment. Engleson v. Little Falls Area Chamber of Commerce, 362 F.3d 525 (8th Cir. 2004)

    Accepted_____                    Denied_____

**18**.  A landowner is not an insurer and a plaintiff cannot walk blindly or carelessly into a clearly visible object and recover for injuries resulting from her negligence.  See Pewatts v. J.C. Penney Co., 356 F..2d 586 (3d Cir. 1966).

Accepted_____                    Denied_____

**19.**    **Pa. SSJI   5.50 (Civ)- Burden of Proof**

    In a civil case such as this one, the plaintiff has the burden of proving those contentions that entitle him to relief.

    When a party has the burden of proof on a particular issue, the party's contention on that issue must be established by a fair preponderance of the evidence.  The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

    To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side.  Onto one side of the scale, place all of the evidence favorable to the plaintiff; onto the other, place all of the evidence favorable to the defendant.  If, after considering the comparative weight of the evidence, you feel that the scales tip, ever so slightly or to

6

the slightest degree, in favor of the plaintiff, your verdict must be for the plaintiff. If the scales tip in favor the defendant, or are equally balanced, your verdict must be for the defendant.

In this case, the plaintiff has the burden of proving the following propositions: that the defendant was negligent, and that the defendant's negligence was a factual cause in bringing about the accident. In order for you to find the defendant negligent, the plaintiff must prove that Kohl's had actual notice of the shoe sizer or that the shoe sizer existed for such a length of time that in the exercise of reasonable care, Kohl's should have known of it and should have realized that it involved an unreasonable risk of harm to its invitees. Plaintiff must also prove that Kohl's should have expected that its invitees would not have discovered the shoe sizer or realized the danger or would fail to protect themselves against it and that Kohl's failed to exercise reasonable care to protect their invitees against the danger. **(See Restatement (Second) of Torts) Section 343 and <u>Moultrey v. The Great A&P Tea Company</u>, 281 Pa. Super 525, 422 A.2d 593, 596 (1980).)** If, after considering all the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the plaintiff. Otherwise, your verdict should be for the defendant.

Accepted_____              Denied_____

20.   **Pa. SSJI 3.03A(Civ)-Comparative Negligence and Special Interrogatories**

The court has already instructed you about what you may consider in determining whether the defendant was negligent, whether the plaintiff was contributorily negligent, and whether such negligence, if any, was a factual cause in bringing about the plaintiff's harm.

If you find, in accordance with these instructions, that the defendant was negligent and such negligence was a factual cause in bringing about the plaintiff's harm, you must then consider whether the plaintiff was contributorily negligent. If you find that the plaintiff was contributorily negligent and such contributory negligence was a factual cause in bringing about his harm, then you must apply the Comparative Negligence Act, which provides in section 1:

> The fact that a plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff where such negligence was not greater than that causal negligence of the defendant, or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

Under this act, if you find that the defendant was causally negligent and you find that the plaintiff was also causally negligent, it is your duty to apportion the relative degree of causal negligence between the defendant and the plaintiff. In apportioning the causal negligence you should use your common sense and experience to arrive at a result that is fair and reasonable under the facts of this accident as you have determined them from the evidence.

If you find that the plaintiff's causal negligence was greater than the causal negligence of the defendant, then the plaintiff is barred from recovery and you need not consider what damages should be awarded.

If you find that the plaintiff's causal negligence was equal to or less than the causal negligence of the defendant, then you must set forth the percentages of causal negligence attributable to the plaintiff and the percentage of causal negligence attributable to the defendant. The total of these percentages must be 100 percent. You will then determine the total amount of damages to which the plaintiff would be entitled if he had not been contributorily negligent; in other words, in finding the amount of damages, you should not consider the degree, if any, of the plaintiff fault. After you return your verdict, the court will reduce the amount of damages you have found in proportion to the amount of causal negligence you have attribute to the plaintiff.

To further clarify these instructions, the court will now distribute to each of you a verdict form continuing specific questions. At the conclusion of your deliberations, one copy of this form should be signed by your foreman and handed to the Court clerk; this will constitute your verdict. The verdict form reads as follows:

Question 1:

Do you find that the defendant was negligent?

Yes_____                                                        No_____


If you answer Question 1 is "No", the plaintiff cannot recover and you should not answer any further questions and should return to the courtroom.

Question 2:

Was the defendant's negligence a factual cause of any harm to the plaintiff?.

      Yes_____                                                        No_____

If you answer Question 2 "No", the plaintiff cannot recover and you should not answer any further questions and should return to the courtroom.

Question 3:

Was the plaintiff contributorily negligent?

      Yes_____                                                        No_____

If you answer Question 3 "No" proceed to Question 5.

Question 4:

If you answered Question 3 'Yes," was the plaintiff's contributory negligence a factual cause of any harm to him?

      Yes_____                                                        No_____

Question 5:

Taking the combined negligence that was a factual cause of any harm to the plaintiff as 100 percent, what percentage of that causal negligence was attributable to the defendant and what percentage was attributable to the plaintiff?

    Percentage of causal negligence attributable to Defendant (Answer only if you have answered "Yes" to Questions 1 and 2 for the Defendant   _____ %

    Percentage of causal negligence attributable to the plaintiff  (Answer only if you have answered 'Yes" to Questions 3 and 4).   _____%

                                                           Total 100%

If you have found the plaintiff's causal negligence to be greater than 50 percent, then the plaintiff cannot recover and you should not answer Question 6 and should return to the courtroom.

Question 6:

State the amount of damages, if any, sustained by the plaintiff as a result of the accident, without regard to and without reduction by the percentage of causal negligence, if any, that yon have attributed to the plaintiff.  $_____.

The judge continues with the charge as follows:

After you return your answers to these questions on the verdict form, signed by your fore-man, the court will determine the amount to be awarded to the plaintiff, if any, by reducing the amount of damages found by you in proportion to the percentage of the plaintiff's causal contributory negligence, if any. I again caution you that you are not to make this

reduction yourselves in reaching the amount of the plaintiff"s damages, as set forth by you in answer to Question 6.

        Accepted_____               Denied_____

Respectfully submitted,

TIGHE, EVAN, SCHENCK & PARAS

By____*Cynthia O'Donnell*____
      Cynthia L. O'Donnell, Esquire
      Pa. I.D. No. 59541
      Attorney for Defendant Kohl's Department
      Stores, Inc., incorrectly identified as Kohl's
      Department Store

      Four Gateway Center
      444 Liberty Avenue, Suite 1300
      Pittsburgh, PA 15222-1223

      (412) 391-8100

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S PROPOSED POINTS FOR CHARGE** has been served upon all parties listed below via First Class, U.S. Mail, postage pre-paid, on this __12__ day of October, 2005:

Kevin W. Barron, Esquire
821 State Street
Erie, PA 16501
(Attorney for Plaintiff)

TIGHE, EVAN, SCHENCK & PARAS

By: _____*Cynthia O'Donnell*_____
Cynthia L. O'Donnell, Esquire
Pa. I.D. No. 59541
Attorney for Defendant Kohl's Department Stores, Inc., incorrectly identified as Kohl's Department Store

Four Gateway Center
444 Liberty Avenue, Suite 1300
Pittsburgh, PA 15222-1223

(412) 391-8100

# TIGHE, EVAN, SCHENCK & PARAS

ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION

WILLIAM R. TIGHE
GEORGE M. EVAN
EDWARD A. SCHENCK
HARRY M. PARAS
GRETCHEN J. FITZER
CYNTHIA L. O'DONNELL

FOUR GATEWAY CENTER
444 LIBERTY AVENUE, SUITE 1300
PITTSBURGH, PENNSYLVANIA
15222-1223

(412) 391-8100
FACSIMILE: (412) 391-9972

WRITER'S E-MAIL: clodonnell@teesp.com

October 12, 2005

File No: 10670-37-106

**VIA FEDERAL EXPRESS**

Mr. Robert V. Barth, Jr., Clerk of Courts
United States District Court - Erie Division
17 South Park Row
Erie, PA 16501

Re:  David Biebel v. Kohl's Department Store, Inc.
United States District Court for the Western District of Pennsylvania - Erie Division
Case No. 05-10 Erie

Dear Mr. Barth:

Please find enclosed Defendant's Proposed Points for Charge, Proposed Voir Dire Questions and Motions in Limine for filing in the above case along with an extra cover sheet of each pleading which I would ask that you date stamp and return to me in the enclosed envelope. I have also enclosed a floppy disc containing these documents.

Thank you.

Very truly yours,

*Cynthia O'Donnell*

Cynthia L. O'Donnell

CLO:pmk
Enclosures

cc:  Honorable Sean J. McLaughlin (w/encls.) - Via Federal Express
Kevin Barron, Esquire (w/encls.) - Via Regular Mail